United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE AYALA,<br><br>   Petitioner,<br><br>   v.<br><br>ROBERT A. HOREL, Warden,<br><br>   Respondent._____/ | No. C 09-03170 SBA (PR)<br><br>**ORDER GRANTING *IN FORMA PAUPERIS* STATUS; DIRECTING RESPONDENT TO SHOW CAUSE WHY THE PETITION SHOULD NOT BE GRANTED; AND ADDRESSING PETITIONER'S PENDING MOTIONS** |

   Petitioner, a state prisoner, has filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  He seeks leave to proceed in forma pauperis.  He has also filed other motions, which the Court will address below.

   It does not appear from the face of the petition that it is without merit.  Good cause appearing, the Court hereby issues the following orders:

   1.   Petitioner's application to proceed in forma pauperis (docket no. 3) is GRANTED.

   2.   The Clerk of the Court shall serve a copy of this Order and the petition and all attachments thereto upon Respondent and Respondent's attorney, the Attorney General of the State of California.  The Clerk shall also serve a copy of this Order on Petitioner at his current address.

   3.   Respondent shall file with this Court and serve upon Petitioner, within **one-hundred and twenty (120) days** of the issuance of this Order, an Answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued.  Respondent shall file with the Answer a copy of all portions of the relevant state records

that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

4. If Petitioner wishes to respond to the Answer, he shall do so by filing a Traverse with the Court and serving it on Respondent within **sixty (60) days** of his receipt of the Answer.  Should Petitioner fail to do so, the petition will be deemed submitted and ready for decision **sixty (60) days** after the date Petitioner is served with Respondent's Answer.

5. Respondent may file a motion to dismiss on procedural grounds in lieu of an Answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases.  If Respondent files such a motion, Petitioner shall file with the Court and serve on Respondent an opposition or statement of non-opposition to the motion within **sixty (60) days** of receipt of the motion, and Respondent shall file with the Court and serve on Petitioner a reply within **fifteen (15) days** of receipt of any opposition.

6. It is Petitioner's responsibility to prosecute this case.  Petitioner must keep the Court and Respondent informed of any change of address and must comply with the Court's orders in a timely fashion.  Petitioner must also serve on Respondent's counsel all communications with the Court by mailing a true copy of the document to Respondent's counsel.

7. Extensions of time are not favored, though reasonable extensions will be granted.  Any motion for an extension of time must be filed no later than **ten (10) days** prior to the deadline sought to be extended.

8. Petitioner has filed motions for appointment of counsel and for an evidentiary hearing. The Sixth Amendment right to counsel does not apply in habeas corpus actions. See Knaubert v. Goldsmith, 791 F.2d 722, 728 (9th Cir. 1986). Title 18 U.S.C. § 3006A(a)(2)(B), however, authorizes a district court to appoint counsel to represent a habeas petitioner whenever "the court determines that the interests of justice so require" and such person is financially unable to obtain representation.  The decision to appoint counsel is within the discretion of the district court. See Chaney v. Lewis, 801 F.2d 1191, 1196 (9th Cir. 1986); Knaubert, 791 F.2d at 728; Bashor v. Risley, 730 F.2d 1228, 1234 (9th Cir. 1984).  The courts have made appointment of counsel the exception rather than the rule by limiting it to: (1) capital cases; (2) cases that turn on substantial and

1  complex procedural, legal or mixed legal and factual questions; (3) cases involving uneducated or
2  mentally or physically impaired petitioners; (4) cases likely to require the assistance of experts either
3  in framing or in trying the claims; (5) cases in which petitioner is in no position to investigate crucial
4  facts; and (6) factually complex cases.  See generally 1 J. Liebman & R. Hertz, Federal Habeas
5  Corpus Practice and Procedure § 12.3b at 383-86 (2d ed. 1994).  Appointment is mandatory only
6  when the circumstances of a particular case indicate that appointed counsel is necessary to prevent
7  due process violations.  See Chaney, 801 F.2d at 1196; Eskridge v. Rhay, 345 F.2d 778, 782 (9th
8  Cir. 1965).  Here, the Court finds that the appointment of counsel is not necessary at this time.
9  There also is no indication that an evidentiary hearing is required under 28 U.S.C. § 2254(e).
10 Petitioner's claims do not rely upon extra-record evidence and a factual basis exists in the record to
11 determine the claims.  If during its review of the merits of the petition the Court determines that
12 further fact finding is required, the Court will decide whether to hold an evidentiary hearing or
13 whether the facts can be gathered by way of mechanisms short of an evidentiary hearing, such as
14 supplementation of the record with sworn declarations from the pertinent witnesses.  See Downs v.
15 Hoyt, 232 F.3d 1031, 1041 (9th Cir. 2000).  For these reasons, Petitioner's motions for the
16 appointment of counsel and for an evidentiary hearing (docket nos. 5, 7) are DENIED.

17        9.      Petitioner's requests for discovery and a hearing regarding the alleged gang validation
18 (docket no. 4) are DENIED.  Instead, on the date Respondent files an Answer with the Court and
19 serves a copy to Petitioner, Respondent is directed to send Petitioner a copy of the requested gang
20 validation documents, which should be lodged as exhibits to the Answer.

21        10.     This Order terminates Docket nos. 3, 4, 5 and 7.

22        IT IS SO ORDERED.

23 DATED: 12/3/09

                                              _____
                                              SAUNDRA BROWN ARMSTRONG
24                                            United States District Judge

**United States District Court**
**For the Northern District of California**

P:\PRO-SE\SBA\HC.09\Ayala3170.OSC&pendMOTS.frm

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE AYALA, | Case Number: CV09-03170 SBA |
| Plaintiff, | **CERTIFICATE OF SERVICE** |
| v. | |
| ROBERT A. HOREL et al, | |
| Defendant. | |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on December 4, 2009, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Jose Ayala H34710
Pelican Bay State Prison
P.O. Box 7500
Crescent City, CA 95532

Dated: December 4, 2009

Richard W. Wieking, Clerk
By: LISA R CLARK, Deputy Clerk

P:\PRO-SE\SBA\HC.09\Ayala3170.OSC&pendMOTS.frm